GARRETT, Judge.
The State appeals the sentence imposed by the trial judge.
At the second hearing on the state’s motion to sentence appellee as a habitual offender, the trial judge indicated he wanted to speak to two witnesses not in attendance. Later, he spoke ex parte to one of the witnesses. After the fact, the assigned assistant state attorney learned about the conversation. The state's request to be present when the judge spoke to the other witness was denied and the second ex parte conversation took place. The trial judge did not declare appellee to be an habitual offender, but did impose a downward departure sentence without any stated reasons. After the state filed its appeal, the trial judge filed an order which mitigated the sentence and contained his reasons for departure.
The appearance of justice is as important as justice itself. The public gets a distorted view of our criminal justice system when a trial judge speaks ex parte to a witness without the consent of the state or defense. The prohibitions contained in the caselaw and judicial canons of this state guard against the evil of ex parte communications. We hold that a resentencing is required to eliminate any appearance of injustice. We reverse and remand with directions that a new judge be assigned to resentence appellee.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY and ANSTEAD, JJ., concur.